Turney, J.,
delivered the opinion of the court:
The tract of land mentioned in the bill, and through which the defendant is constructing its road bed, is the property of Mrs. McNail, the rights of her husband are marital only.
The charter' of defendant provides that when land over which the road is to pass cannot be purchased or the price agreed upon, “the same may be taken at a valuation to be made by five commissioners, or a majority of them, to be appointed by the circuit court of the county where some part of the land or right of way is situated.”
The bill shows that defendant never resorted to the mode set out in the statute or charter, but instead made a contract with the husband without the wife’s consent. It *581 is a well established general rule that the wife cannot sue the husband, nor sue without him at law, and that if she proposes to recover or enforce rights adverse to him, or in which he is estopped to recover, her remedy is a court of equity. While we concede that generally the statutory mode for the ascertainment and recovery of damages done to land by the location and construction of railroads must be resorted to, we do not agree that exclusive' jurisdiction is in every case conferred upon the law court, nor that the inherent jurisdiction of courts of equity is impaired or detracted from.
Here is a femme covert with a right to compensation for damages done her estate, but estopped by the unauthorized act of her husband, to resort to the usual remedy at law, now if she is to be repelled from a court of equity, then equity suffers the right to be without a remedy.
A court of law is too cumbersome in its rules of proceedings, and its purposes too' foreign to such inquiries, to pass upon and determine the nature, effect, and extent of a contract of the husband against the will and interest of the wife, materially affecting her estate, and on account of which she is seeking redress.
The bill further charges that the railroad company has no means out of which anything can be made by -execution. This is a charge of insolvency. One prayer is that the company be enjoined from constructing its road through complainant’s land, until her damages are ascertained and paid or secured; that a reference be had, etc.
The prayer for injunction is resisted on the ground that the statute prohibits any injunction while proceedings are pending to ascertain the damages. This law has reference to the proceedings in the circuit court already alluded to, and relates alone to solvent corporations with a view to their protection.
It was certainly never intended by the legislature that corporations or persons with no means of compensation *582 therefor .should appropriate private property by destroying its value as such, against the will of the owner, and at the same time deprive him of all preventative remedies.
To do this is to violate the letter and spirit of the constitution, ordaining that no man’s property shall be taken or applied to public use without the consent of his representatives or without just compensation therefor. [See Const., art. 1, sec. 21.] This ordinance does not mean to compel property owners to part with estates on credit to irresponsible or insolvent corporations. It intends compensation to be made or secured at the act of appropriation.
In view, then, of the inability of the wife to sue at law and the insolvency of the defendant, we are of opinion her bill is well filed, and the injunction to stay further work by the defendant in her land until compensation for the ' damages are secured or paid, properly granted.
The injunction might be dissolved upon sufficient bond to indemnify complainant.
Under a reference in chancery there is noi objection to the appointment of commissioners to view the premises, to ascertain damages, as prescribed by statute for proceedings at law. This, however, would not preclude the parties from the introduction of other evidence, for the purpose of an account.
Reverse decree and remand the cause.